UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| NENG POR YANG,<br><br>    Plaintiff,<br><br>v.<br><br>Mr. BEE YANG,<br><br>    Defendant. | Civil No. 07-93 (PAM/JSM)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

Here, Plaintiff's rambling complaint is nearly incomprehensible. It is filled with vague allegations of conspiracies between Defendant and various unidentified government actors. Plaintiff alleges, for example, that:

> "The Defendant is the key factor in persuading and brain washing many others of the Plaintiff's family members in being involved in corrupted and unethical acts against the Plaintiff, by the means of abusing Federal authorities by all means necessary and hiding and using the Defendants

> corrupted Federal authorities to hide his corrupted abusive of the laws.  The Defendants was working in behalf of the highest of the Federal Governments – knowing full well beforehand that the conspiracies in which the Defendants has helped engaged within along with Federal Agents of the United States Governments is just a conspiracies of corruption and deceit; recklessly disregard of the truth or falsity of the information, by an employee of the Federal Agency."

He further alleges that:

> "The Defendants involvement in these conspiracies against the Plaintiff was all based upon pure jealousy of the Plaintiff's going out with too many girlfriends and talking to too many girlfriends – their jealousy and rage of jealousy, both Mr. Bee Yang and Mr. Der Yang the Family Members of the Plaintiff – the Defendants role is to degrade the Plaintiff and to damage the Plaintiff's lives by all necessary means...."

Plaintiff's entire pleading is comprised of similar bizarre and unintelligible accusations.  The complaint does not allege any specific facts, and it does not clearly describe any actual historical events.  The complaint also fails to describe any specific wrongful acts or omissions by the named Defendant, or any actual injury sustained by Plaintiff.

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s) based on some cognizable legal theory.  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").  Plaintiff's current complaint fails to meet this standard.  The complaint does not adequately describe what, specifically, the named Defendant allegedly did (or failed to do); it does not adequately identify any legal theory on which any actionable claim against Defendant could be based; and it does not show that Plaintiff

suffered any actual injury for which Defendant could be held liable.

Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted. It follows that Plaintiff's IFP application must be denied, and this action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January 24, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 12, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.